UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robert W. Parker

   v.                                              Case No. 25-cv-281-SM-AJ

Marilyn Jarvis

**REPORT AND RECOMMENDATION**

Self-represented plaintiff Robert W. Parker, appearing in forma pauperis, has sued his former landlord, Marilyn Jarvis, alleging that she wrongfully evicted Parker from a residence he was renting from her in 2022. Mr. Parker's complaint (Doc. No. 1) is before the undersigned Magistrate Judge for preliminary review, pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).

**Standard of Review**

The magistrate judge conducts a preliminary review of pleadings, like Mr. Parker's, that are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint

must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). An unrepresented plaintiff's complaint must be read liberally in this regard, see Donovan v. Maine, 276 F.3d 87, 94 (1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest. Byrne v. Maryland, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), aff'd, 2020 WL 2202441 (D. Me. May 6, 2020).

### Background[1]

Mr. Parker alleges that in May of 2022, Ms. Jarvis tried to evict him from a rented condominium in Glen, New Hampshire. In July, 2022, a state court judge found in Mr. Parker's favor, because Ms. Jarvis's eviction notice failed to fully comply with

---

[1] The court recites the facts as set forth in Mr. Parker's complaint, as well as documents appended to the complaint, including a state court judgment. See Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008)(noting, that in Rule 12(b)(6) context, the court may consider "documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice," including publicly recorded documents from state court judicial proceedings.) (citations omitted).

2

state law. Landlord and Tenant Judgment (Doc. No. 1-3) at 6-8. The court also entered judgment for Ms. Jarvis on Mr. Parker's counterclaim, finding that Mr. Parker had not suffered damages. Id. at 8.

Mr. Parker included these allegations in a prior suit against Ms. Jarvis and several police officers who, he alleged, injured him as he was trying to move out of the condo. See Parker v. Jarvis, et al., No. 25-cv-59-JL-AJ (D.N.H. filed October 31, 2024). The court declined to assert supplemental jurisdiction over the claims against Ms. Jarvis and dismissed them without prejudice. Id. July 2, 2025 Order Approving Supplemental Report and Recommendation (Doc. No. 35).

### Subject Matter Jurisdiction

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gun v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The plaintiff has the burden to establish the court's jurisdiction. Calderón-Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013).

To invoke this court's subject matter jurisdiction, a plaintiff must allege either that his claims raise a federal question, in that the cause of action arises under federal law, or that this court has diversity jurisdiction over the matter.

3

See 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). To establish diversity jurisdiction, plaintiff must assert that the parties are citizens of different states, see id. at § 1332(a)(1), and that the amount in controversy in this action exceeds $75,000. See id. at § 1332(b).

Mr. Parker's complaint asserts only a state-law wrongful eviction claim. Thus, the only basis upon which the court could exercise subject matter jurisdiction is through diversity.

"[D]iversity jurisdiction requires 'complete diversity of citizenship as between all plaintiffs and all defendants.' This means that diversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant." Alvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 53–54 (1st Cir. 2009) (citations omitted). Here, the face of the complaint indicates that Mr. Parker and Ms. Jarvis are both Massachusetts citizens. In addition, there is no indication as to how Ms. Jarvis could be liable for damages in excess of $75,000. Accordingly, the complaint fails to satisfy either requirement of diversity jurisdiction and must be dismissed.

## Conclusion

Based on the foregoing, the district judge should dismiss this complaint without prejudice to Mr. Parker's right to re-file it in state court.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 31, 2025

cc: Robert W. Parker, pro se